# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION

**LINDA SMITH**,

    Plaintiff,                            Case No: _____

v.

**PUBLIX SUPER MARKETS, INC.**,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Linda Smith (hereinafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Publix Super Markets, Inc. (hereinafter "Defendant") for retaliation. In support thereof, Plaintiff states as follows:

## SUMMARY OF CLAIM

On February 11, 2020, Defendant refused Plaintiff service after she complained about treatment at its deli that she believed was racially discriminatory. That belief was objectively reasonable, as acknowledged by the attached Florida Commission on Human Relation's determination that reasonable cause exists to believe that Defendant acted unlawfully in denying her the full use and enjoyment of its store **(Exhibit "A" hereto).** After objecting to being treated differently because of her race, Plaintiff was ejected from the premises under the threat of police involvement. Thus, Plaintiff brings this lawsuit for retaliation under Section 1981.

## GENERAL ALLEGATIONS AND PARTIES

1. Plaintiff is an individual domiciled in Florida and is *sui juris*. She is a woman, 60 years of age and African American.

2. Defendant is a corporation registered in Florida that operates grocery stores, often with a deli within.

3. At all material times, Defendant operated the grocery store (and incorporated deli) Plaintiff visited on February 19, 2019, as referenced herein.

## JURISDICTION AND VENUE

4. This action is an action brought by the Plaintiff based upon the provisions of 42 U.S.C. § 1981 to redress acts of retaliation by Defendant against Plaintiff on account of her reasonable belief of racial discrimination.

5. This Court has jurisdiction over this case under 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## REASONABLE CAUSE FINDING

7. Plaintiff timely filed a complaint with the Florida Commission on Human Relations. A true and correct copy of that complaint is attached hereto as **Exhibit "B".**

8. The Florida Commission on Human Relations found in her favor and has issued a Determination of Reasonable Cause. A true and correct copy of that determination is attached hereto as **Exhibit "A".**

9. The Determination of Reasonable Cause proves that Plaintiff had a reasonable belief Publix was engaged in unlawful racial discrimination. Specifically, at Defendant's deli in Gainesville, Florida on or about February 11, 2019.

10. On that day at Defendant's deli, although Plaintiff was ahead in line, another customer (white, female) approached the deli counter and was acknowledged and waited on while Plaintiff went unserved. This upset Plaintiff and she asked to speak with the deli manager (Jason).

11. While speaking with the deli manager (Jason), Plaintiff complained about her treatment, stating that she believed it was discriminatory based on her race. Plaintiff continued by asking to speak with the Store Manager, Mr. Cook.

12. Plaintiff also complained to Mr. Cook, again claiming she believed the different treatment she encountered was racially based discrimination. Upset by that allegation, Mr. Cook became verbally abusive and threatened to call the police if Plaintiff did not leave, so Plaintiff left the store without being able to purchase the food she wanted at the deli.

13. Defendant claimed to have a video of the incident in question but now states that it no longer exists.

**COUNT I – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

14. Plaintiff re-alleges, and adopts by reference herein, all Paragraphs above, and further alleges as follows:

15. This is an action based upon the provisions of 42 U.S.C. § 1981.

16. Defendant, through it's employee, denied Plaintiff the same rights as is enjoyed by white citizens to make and enforce contracts for the enjoyment of all benefits, privileges, terms and conditions within the grocery store because of her complaint of racially different treatment in violation of 42 U.S.C. § 1981. For example, by asking her to leave the store after her complaints and denying her the opportunity to purchase goods from Defendant's place of business, such as food at the deli.

17. The above-described conduct of Defendant was intentional and reckless, causing Plaintiff damages such as emotional distress, humiliation, embarrassment, mental pain and suffering, injury to the dignity of Plaintiff, and personal degradation.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant, declaring the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights, and award damages as follows:

- That the Court enter judgment against Defendant declaring the above-conduct to be in violation of 42 U.S.C. § 1981.

- That the Court award Plaintiff compensatory damages to be determined by the jury.

- That the Court award Plaintiff her costs, including reasonable attorney fees.

- That the Court award Plaintiff damages for the intentional infliction of emotional distress, and mental anguish, such amount to be determined by the jury.

- That the Court award punitive damages in the amount of that which will punish the Defendant's conduct and discourage others from similar retaliation.

- That the Court grant Plaintiff any additional relief to which she may be entitled.

## JURY DEMAND

COMES NOW, Plaintiff and hereby demands a trial by jury on all issues contained herein.

Dated: January 14, 2021

Respectfully Submitted,

**/s/ Michael Massey**
Massey & Duffy, PLLC
Fla. Bar No. 153680
855 E. University Ave.
Gainesville, FL 32601
352-505-8900
Massey@352law.com
Lead Counsel